**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4337**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RIGOBERTO MORALES OCAMPO, a/k/a Rangel Altamirano-Samura,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:14-cr-00061-MR-DLH-1)

Submitted:  January 20, 2016          Decided:  February 10, 2016

Before DUNCAN and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Ross Hall Richardson, Executive Director, Joshua B. Carpenter, Jared P. Martin, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant.  Jill Westmoreland Rose, United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rigoberto Morales Ocampo, a native and citizen of Mexico, pled guilty, without the benefit of a plea agreement, to one count of illegal reentry after removal subsequent to sustaining an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). The district court sentenced Ocampo to 46 months' imprisonment, to be followed by a 2-year term of supervised release. On appeal, Ocampo argues that his sentence is procedurally unreasonable because the district court considered Ocampo's need for medical treatment in determining the length of his term of incarceration, in violation of the Supreme Court's mandate in Tapia v. United States, 131 S. Ct. 2382 (2011). Finding no error, we affirm.

This court reviews any federal sentence for reasonableness, applying the abuse of discretion standard. United States v. Lymas, 781 F.3d 106, 111 (4th Cir. 2015) (citing Gall v. United States, 552 U.S. 38, 41 (2007)). We first consider the procedural reasonableness of the sentence, which requires us to evaluate whether the district court committed a significant procedural error, such as improperly calculating the Sentencing Guidelines range or failing to appropriately consider the relevant sentencing factors. Gall, 552 U.S. at 51. Under this court's precedent, the asserted Tapia error pertains to the procedural reasonableness of Ocampo's sentence, as it alleges

2

that the sentencing court considered a prohibited 18 U.S.C. § 3553(a) (2012) factor in determining the defendant's sentence.* See United States v. Bennett, 698 F.3d 194, 200 (4th Cir. 2012) (explaining that Tapia error is "a procedural error under Gall").

In Tapia, the Supreme Court held that 18 U.S.C. § 3582(a) (2012) "precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." Tapia, 131 S. Ct. at 2391. Although Ocampo contends otherwise, our review of the record reveals that defense counsel "did not object" at the sentencing hearing "on the grounds asserted here," and therefore, we review the Tapia claim for plain error. Bennett, 698 F.3d at 199. To establish plain error, Ocampo must demonstrate that (1) the district court erred, (2) the error was plain, and (3) the error affected his substantial rights. Id. at 200 (citing United States v. Olano, 507 U.S. 725, 732, 734 (1993)).

We discern no plain Tapia error on this record. As we explained in United States v. Lemon, 777 F.3d 170 (4th Cir. 2015), for a Tapia claim to succeed, the sentencing court's reference to the defendant's rehabilitative needs must be

---

* Ocampo does not challenge the substantive reasonableness of his sentence.

3

causally related to the court's sentencing determination. See Lemon, 777 F.3d at 174 (marshalling sister circuit authority and observing that it is "unlikely that a court has committed Tapia error unless it has considered rehabilitation for the specific purpose of imposing or lengthening a prison sentence"). To the extent that Ocampo's medical needs were considered at sentencing, it is clear that the court addressed them in ruling on Ocampo's request for a downward departure based on U.S. Sentencing Guidelines Manual § 5H1.4, p.s. (2014). But it was the other, proper § 3553(a) factors — namely, the need for the sentence to reflect the seriousness of the offense and to provide both general and specific deterrence — that "motivated the court's decision to impose its sentence." Lemon, 777 F.3d at 175. We thus reject Ocampo's contention that there was a causal connection between the selected sentence and the medical concerns defense counsel identified to support her request for a downward departure. See United States v. Naramor, 726 F.3d 1160, 1170 (10th Cir. 2013) (rejecting Tapia claim based on sentencing court's consideration of defendant's need for mental health treatment, and concluding that court "did not tie the length of" defendant's sentence to his needed mental health treatment but, rather, had "rejected [d]efendant's arguments that his mental illness warranted leniency").

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED